LIONEL Z. GLANCY, State Bar No. 134180
PETER A. BINKOW, State Bar No. 173848
MICHAEL GOLDBERG, State Bar No. 188669
GLANCY BINKOW & GOLDBERG, LLP
1801 Avenue of the Stars, Suite 311
Los Angeles, CA 90067
Telephone: (310) 201-9150
Facsimile: (310) 201-9160

*Liaison Counsel for Lead Plaintiffs*

U. SETH OTTENSOSER
TIMOTHY J. MacFALL
JOSEPH R. SEIDMAN, JR.
BERNSTEIN LIEBHARD & LIFSHITZ, LLP
10 E. 40th St., 22nd Floor
New York, NY 10016-0201
Telephone: (212) 779-1414
Facsimile: (212) 779-3218

*Lead Counsel for Lead Plaintiffs*
GLOBIS CAPITAL PARTNERS, L.P. and
SHAYE HIRSCH

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| IN RE SIPEX CORPORATION SECURITIES LITIGATION <br><br> This Document Relates to: <br><br> ALL ACTIONS | Master File No. 05-CV-00392-WHA <br><br> [PROPOSED] ORDER DISTRIBUTING THE NET SETTLEMENT FUND |

WHEREAS:

A. On April 10, 2006, the Court entered a Final Judgment And Order of Dismissal With Prejudice, which, *inter alia*, approved the Settlement and Plan of Allocation of Settlement Proceeds. The Court retained jurisdiction over the Litigation for all matters relating to the consummation of the Settlement.[1]

B. As set forth in the Notice of Pendency and Proposed Settlement of Class Action, the deadline for Class Members to submit claims to participate in a distribution from the Net Settlement Fund was May 8, 2006.

C. As reflected in the accompanying Affidavit of Travis Buonocare ("Buonocare Aff."), Assistant Director of Securities Operations for The Garden City Group (the "Claims Administrator"), the process of reviewing all claims has been completed.

D. Lead Counsel now seeks authorization to distribute the Net Settlement Fund to Authorized Claimants.

E. All claimants whose claims the Claims Administrator proposes to reject were notified of the deficiency in their claims and given an opportunity to contest the rejection.

F. The Court has reviewed the Motion of Lead Counsel for Entry of an Order Authorizing Distribution of Settlement Fund, the Buonocare Aff., and all other exhibits and papers submitted in support thereof, and good cause appears for the relief requested.

THEREFORE, IT IS HEREBY ORDERED, as follows:

1. All claims that the Claims Administrator has determined are acceptable for payment, as set forth in Exhibit C to the Buonocare Aff., are approved for payment from the Net Settlement Fund.

---

[1] Unless otherwise defined herein, all capitalized terms herein shall have the same meaning as set forth in the Stipulation of Settlement filed in the Litigation on January 12, 2006.

[PROPOSED] ORDER DISTRIBUTING THE NET SETTLEMENT FUND        1

2. All claims that the Claims Administrator has determined were submitted after the May 8, 2006 deadline for filing claims, but are otherwise valid and in compliance with the requirements for submitting valid proofs of claim, as set forth in Exhibit C to the Buonocare Aff., are approved for payment from the Net Settlement Fund.

3. All claims that the Claims Administrator has determined are not acceptable for payment, as set forth in Exhibit C to the Buonocare Aff., are disallowed and shall not be paid, including contested Claim No. 2000653.

4. Submission of any claim for participation in the Settlement, other than those previously filed with the Claims Administrator, is forever barred.

5. Lead Counsel and the Claims Administrator are directed to arrange for payment of the Net Settlement Fund to all Authorized Claimants in accordance with the Plan of Allocation, as soon as practicable after entry of this Order and receipt of any refunds that may be due on previously paid taxes.

6. The Claims Administrator's incurred and anticipated fees and expenses of $162,170.86 in connection with administering the Settlement are approved and will be paid from the Settlement Fund.

7. Any taxes due and owing, as well as the fee for the preparation of the tax returns for the Settlement Fund – costs which were authorized for payment from the Settlement Fund by prior Order of this Court – will be paid from the Settlement Fund.

8. Lead Counsel is directed to make reasonable attempts to locate Authorized Claimants whose checks are returned as undeliverable. Any funds remaining in the Settlement Fund six (6) months after the initial distribution date shall be reallocated among Authorized Claimants in an equitable and economic fashion. Thereafter, any balance that still remains in the Net Settlement Fund shall be donated to an appropriate non-profit organization agreed upon by Lead Counsel. All hard copy claim forms and documentation reviewed during the claims

[PROPOSED] ORDER DISTRIBUTING THE NET SETTLEMENT FUND     2

administration process shall be retained by the Claims Administrator for one year, and magnetic media for three years, from the date of entry of this Order. After that date, those records may be destroyed.

    IT IS SO ORDERED.

Dated: March 22, 2007.

_____
HONORORABLE WILLIAM H. ALSUP
UNITED STATES DISTRICT JUDGE